﻿Citation Nr: 18132479
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 16-02 071
DATE: September 6, 2018
REMANDED
Entitlement to service connection for bilateral hearing loss is remanded.
Entitlement to service connection for tinnitus is remanded.
REASONS FOR REMAND
Although the Board regrets the additional delay, the Veteran’s claims must be remanded before the Board is able to make a determination on the merits.
The Board finds that the Veteran should be afforded VA examinations to determine the etiology of his disabilities and whether there is any causal link between any current hearing loss disability or tinnitus and his periods of military service. For service connection claims, VA is obliged to provide an examination or obtain a medical opinion in a claim when (1) the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, (2) the record indicates that the disability or signs and symptoms of disability may be associated with active service, and (3) the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A (d); See McLendon v. Nicholson, 20 Vet. App. 79 (2006). The threshold for finding a link between current disability and service is low. See Locklear v. Nicholson, 20 Vet. App. 410 (2006); see also McLendon, 20 Vet. App. at 83. The Veteran’s reports of a continuity of symptomatology can satisfy the requirement for evidence that the claimed disability may be related to service. McLendon, 20 Vet. App. at 83.
1. Entitlement to service connection for bilateral hearing loss is remanded.
Regarding his claim for entitlement to service connection for bilateral hearing loss, the Board finds that a VA examination and medical opinions are required before the Board is able to make a determination on the merits.
The Veteran has submitted a June 2015 private treatment record which diagnosed the Veteran with left ear sensorineural hearing loss. Although the Veteran was found to have normal right ear hearing, the examiner was unable to get a hermetic seal upon testing. It was noted by the private examiner that there was no visible congenital or traumatic deformities of the ears and the Veteran reported noise exposure during his military service. While the examination included speech recognition testing, the examination is inadequate as the speech recognition testing does not appear to have used the Maryland CNC word list as required by VA regulations. See 38 C.F.R. § 3.385. Accordingly, on Remand, the Veteran should be afforded a new examination to ascertain whether there is an etiologically link between his military service and any current hearing loss disability. 
2. Entitlement to service connection for tinnitus is remanded.
Although no tinnitus examination was conducted during the June 2015 private hearing loss examination, the examiner made note of the Veteran’s strategies for coping with tinnitus, which suggests that he has tinnitus symptoms. 
The Veteran has contended that his bilateral hearing loss and tinnitus was caused by exposure to hazardous noise, such as missile launches, in service. 
Since the June 2015 examiner did not opine upon the nature and etiology of the Veteran’s claimed tinnitus, the Board finds the hearing test conducted in June 2015 to be inadequate in evaluating the Veteran’s service connection claim.
 
The matters are REMANDED for the following action:
1. Associate any outstanding VA treatment records and service treatment records with the electronic claims file.
2. Schedule the Veteran for a VA examination with an appropriate medical professional to determine the nature and etiology of any current hearing loss that may be present. The claims file, to include updated VA treatment and service treatment records, should be made available to and be reviewed by the examiner in conjunction with the examination.
Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed, including the Maryland CNC test and a pure tone audiometry test.
It is noted that the Veteran is competent to attest to observable symptomatology such as difficulty hearing. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.
It should also be noted that the absence of evidence of a hearing loss disability during service is not always fatal to a service connection claim. Evidence of a current hearing loss disability and a medically sound basis for attributing that disability to service may serve as a basis for a grant of service connection for hearing loss where there is credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service.
Following review of the evidence, the examiner should:
Render an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current hearing loss is causally or etiologically related to the Veteran’s military service, including noise exposure therein. 
In so doing, the examiner should discuss medically known or theoretical causes of hearing loss and describe how hearing loss that results from noise exposure generally present or develop in most cases in determining the likelihood that current hearing loss was caused by noise exposure in service as opposed to some other cause.
A complete rationale must be provided for any opinion expressed. If the examiner is unable to provide an opinion without resorting to speculation he or she should explain why.
3. Schedule the Veteran for a VA examination with an appropriate medical professional to determine the nature and etiology of any current tinnitus that may be present. The claims file, to include updated VA treatment and service treatment records, should be made available to and be reviewed by the examiner in conjunction with the examination.
Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed.
It is noted that the Veteran is competent to attest to observable symptomatology such as ringing in his ears. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.
Following review of the evidence, the examiner should:
Render an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current tinnitus is causally or etiologically related to the Veteran’s military service, including noise exposure therein.
A complete rationale must be provided for any opinion expressed. If the examiner is unable to provide an opinion without resorting to speculation he or she should explain why.
 
DAVID L. WIGHT
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. Nelson, Associate Counsel